```
                                                              O
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>                 Plaintiff,<br><br>     v.<br><br>James P. Ragan, aka James Patrick Ragan, Jr., aka Patrick Ragan<br><br>                 Defendant. | CV 10-7654 RSWL (MANx)<br><br>**ORDER Re: Defendant James P. Ragan's Motion to Dismiss Entire Action, or in the alternative, Motion for a More Definite Statement [6]** |

    On July 19, 2011, Defendant James P. Ragan's Motion to Dismiss Entire Action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), came on for regular calendar before this Court [6]. The Court, having reviewed all papers submitted pertaining to these Motions and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **DENIES** both Defendant's Motion to

Dismiss Entire Action and Motion for a More Definite Statement.

**I. Background**

Plaintiff United States of America (hereinafter, "Plaintiff") filed its First Amended Complaint ("FAC") on March 1, 2011 in this Court against Defendant James P. Ragan (hereinafter, "Defendant"). Plaintiff alleges in its FAC that it is the owner of a consolidation Promissory Note ("Note") that Defendant executed for student loans. Plaintiff further alleges that Defendant defaulted on his obligations to repay under the Note and thus owes Plaintiff the principal balance under the Note plus accruing interest, reasonable attorneys' fees, and accrued costs.

On May 27, 2011, Defendant filed a Motion to Dismiss Entire Action, or in the alternative, a Motion for a More Definite Statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) [6].

**II. Legal Standards**

1. Judicial Notice

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of adjudicative facts only. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must

take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d).

    2. <u>Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

In a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court must presume all non-conclusory, factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). After accepting as true all non-conclusory statements and drawing all reasonable inferences in favor of the non-moving party, the Court must determine whether the complaint alleges a plausible claim for relief. See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1940-41 (2009).

A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). However, a party is not required to state the legal basis for his claim, only the facts underlying it. See <u>McCalden v. Cal. Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir. 1990).

    3. <u>Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)</u>

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

3

reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed. R. Civ. P. 12(e). A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).

Rule 12(e) motions are disfavored and rarely granted. Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1998). A motion for a more definite statement fails where the complaint is specific enough to apprise the moving party of the substance of the claim being asserted. See Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Moreover, where the information sought by the moving party is available or properly sought through discovery, the motion should be denied. Famolare, Inc., 525 F. Supp. at 949.

**III. Analysis**

    1. Judicial Notice

Defendant requests the Court take judicial notice of Plaintiff's FAC, with the attached Promissory Note, and of the Complaint, with the attached Indemnification Agreement and Promissory Note [Request for Judicial Notice, Exhibits 1-2]. As a preliminary matter, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Request for Judicial Notice.

4

The court in <u>Bryant v. Carleson</u>, 444 F.2d 353, 357-58 (9th Cir. 1971), properly took judicial notice of the fact that the defendant had filed an affidavit along with documents said by him to support his argument. <u>Id.</u> at 357. The <u>Bryant</u> court did not, however, take judicial notice of the contents of defendant's affidavit as being true. <u>Id.</u> To the extent that the contents of the documents are in dispute, the matters of controversy are not appropriate subjects for judicial notice. <u>Id.</u>

Here, the Court finds that Plaintiff's FAC and Complaint are matters of public record, the contents of which are in dispute. Plaintiff claims in its FAC and Complaint that Defendant executed a promissory note for student loans on April 13, 1987. Further, Plaintiff alleges that Defendant defaulted on his obligation to repay under the Note on April 11, 1989, and therefore owes to Plaintiff the principal balance of the loan plus accruing interest, reasonable attorneys' fees, and accrued costs. Defendant, however, argues that the FAC fails to state sufficient facts to support a claim upon which relief can be granted. Additionally, Defendant contends that the FAC is vague because it fails to address the parties involved in the Note, the date it was executed, and the amount loaned under the Note.

The Court finds that the contents of Plaintiff's FAC and Complaint are disputed by the parties. While the authenticity and existence of a particular

pleading, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not. See, e.g., <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001).

As such, the Court hereby **GRANTS** the Defendant's Request for Judicial Notice as to the existence of Exhibits 1-2, attached to Defendant's Request for Judicial Notice, as matters of public record. However, the Court **DENIES** the Defendant's Request for Judicial Notice and does not take judicial notice of the veracity of the disputed facts contained in these documents.

2. <u>Motion to Dismiss</u>

Defendant argues that the Court should dismiss Plaintiff's FAC in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Specifically, Defendant argues that Plaintiff merely makes a conclusory statement that there was a default on the payment obligation without providing sufficient facts to support its claim. Defendant also claims there are no charging allegations in Plaintiff's pleading that support the terms of the Note. Further, Defendant avers that the FAC is so vague, ambiguous, and/or unintelligible that the basic terms cannot be identified, such as who made the loan, where the loan

was made, when it was entered into, how much was loaned, or what the payment terms were.

In a motion to dismiss brought under Federal Rule of Civil procedure 12(b)(6), the Court must presume all non-conclusory, factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld, 944 F.2d at 585. After accepting as true all non-conclusory statements and drawing all reasonable inferences in favor of the non-moving party, the Court must determine whether the complaint alleges a plausible claim for relief. See Iqbal, 129 S. Ct. at 1950.

Plaintiff contends that its FAC sets forth a cause of action for relief based on Defendant's alleged default on his loan payments. The Court finds that, although Plaintiff does not directly bring an action for breach of contract, the facts of this case are analogous to another student loan case from the District Court for the Southern District of California, where the holder of the promissory note which consolidated student loans asserted a claim for breach of contract against the borrower for her alleged failure to make student loan payments under the note. Student Loan Marketing Association v. Hanes, 181 F.R.D. 629 (S.D. Cal. 1998).

To assert a breach of contract claim, the plaintiff must allege sufficient facts with regard to: 1) the existence and terms of the contract, 2) plaintiff's

7

performance or excuse for nonperformance, 3) defendant's breach, and 4) damages. <u>Tom Trading, Inc. v. Better Blue, Inc.</u>, 26 Fed. App'x. 733, 735 (9th Cir. 2002)(citing <u>First Commercial Mortg. Co. v. Reece</u>, 89 Cal. App. 4th 731, 745 (2001)).

As the court in <u>Student Loan Marketing Association</u> stated, promissory notes are enforceable contracts and disbursement of the funds demonstrates the loaning party's performance under the contract. <u>Student Loan Marketing Association,</u> 181 F.R.D. at 631. Further, a failure to repay the amount due under the note is a breach of contract. <u>Id.</u> Damages suffered as a result of the breach are the principal balance and accrued interest owed under the contract. <u>Id.</u>

In its claim against Defendant, Plaintiff first contends it is the owner and holder of the Note Defendant executed and signed to secure student loans on April 13, 1987. Second, Plaintiff argues the Note is an enforceable contract. Third, Plaintiff avers that it performed its obligations under the Note by disbursing the funds to Defendant. Finally, Plaintiff contends that Defendant defaulted on his obligations to repay the loans on April 11, 1989, resulting in a breach of contract. Plaintiff argues it has suffered damages in the amount of $23,109.00, the principal balance due under the Note, plus accrued interest in the amount of $42,708.70, attorneys' fees, and accrued costs.

The Court finds the reasoning in <u>Student Loan Marketing Association</u> particularly instructive. As such, the Court finds that the Plaintiff pled sufficient factual allegations to state a claim against Defendant for payment on the defaulted promissory note by stating Defendant executed and signed a promissory note that Plaintiff owns; Plaintiff fulfilled its obligations under the Note by disbursing the funds to Defendant; Defendant defaulted on his payment obligations under the Note; Plaintiff has suffered damages in the amount of the principal balance owed under the Note plus accruing interest, attorneys' fees, and accrued costs. Accordingly, the Court hereby **DENIES** Defendant's Motion to Dismiss.

3. <u>Motion for a More Definite Statement</u>

Should the Court deny Defendant's Motion to Dismiss, Defendant requests, in the alternative, that the Court order the Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). A motion for a more definite statement must point out the defects complained of and the details desired. <u>Id.</u>

The test in evaluating a motion for a more definite statement is whether the complaint provides the

defendant with a sufficient basis to frame a responsive pleading. Fed. Sav. & Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). A motion for a more definite statement should not be granted unless the opposing party literally cannot frame a responsive pleading. Bureerong, 922 F. Supp. at 1461.

Defendant argues that Plaintiff's FAC is so vague, ambiguous, and/or unintelligible that Defendant is not reasonably able to respond to it. Specifically, Defendant argues the FAC is ambiguous because it fails to state information relevant to the alleged default, such as: 1) the address and the date of the alleged note or agreement; 2) the place where the alleged note or agreement was made; 3) who the purported parties are to the alleged note or agreement; 4) the amount loaned under the alleged note or agreement; 5) the payment terms of the alleged note or agreement; 6) when the payments were due under the alleged note or agreement; 7) where payments were to be sent under the alleged note or agreement; and 8) when the alleged default occurred.

On the other hand, Plaintiff argues that its FAC is not vague, ambiguous or so unintelligible that Defendant is not reasonably able to adequately or clearly respond to it. Plaintiff sets forth some of the facts Defendant requests in its FAC: 1) the Note was executed on April 13, 1987 by Defendant James P. Ragan, 2) Plaintiff is the owner and holder of the

10

Note under 20 U.S.C. section 1080, 3) Defendant defaulted on the loan on April 11, 1989, 4) Defendant currently owes Plaintiff the principal balance of the loan in the amount of $23,109.00 plus accrued interest in the amount of $42,708.70.  Therefore, Plaintiff contends that its FAC clearly sets forth a cause of action for payment on Defendant's defaulted promissory note which Defendant is reasonably able to frame a response to.

Here, the Court finds that Plaintiff's FAC clearly sets forth a claim against Defendant that he is reasonably able to respond to.  As the Court found in <u>Bureerong</u>, where a plaintiff's first amended complaint states its claim, and a defendant's briefs demonstrate that the defendant was not confused by the issues, a motion for a more definite statement should be denied. <u>Bureerong</u>, 922 F. Supp. at 1462.  The Court finds that Defendant's Reply to this instant Motion adequately demonstrates that he understands Plaintiff brought this Action against him for defaulting on student loans, and is therefore not confused by the issues addressed in the FAC.  Therefore, the Court finds Plaintiff's FAC is not so vague, ambiguous and/or unintelligible that Defendant is not reasonably able to frame a response to it.

In Reply, Defendant argues that the Plaintiff should be ordered to attach the student loan records it relies on to support its claim for breach of the

11

promissory note against Defendant.  However, a Rule 12(e) motion is not a substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of detail.  <u>Woods v. Apodaca</u>, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005).  If the detail sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied.  <u>Beery v. Hitachi Home Elecs. (Am.), Inc.</u>, 157 F.R.D. 477, 480 (C.D. Cal. 1993).  The Court finds that the documents Defendant requests could be obtained through the discovery process.  Moreover, in response to Defendant's Motion, Plaintiff attached to the Declaration of Peter Inthout a Certificate of Indebtedness (Decl. of Peter Inthout ("Inthout Decl."), ¶ 3, Ex. B), a Loan History document (Inthout Decl. ¶ 8, Ex. C), applications for student loans and promissory note and disclosure statements signed by Defendant, all of which are currently available to Defendant.

 Therefore, the Court **DENIES** Defendant's Motion for a More Definite Statement because Plaintiff's FAC is not so vague or ambiguous that Defendant cannot reasonably frame a responsive pleading and the documents sought by Defendant are obtainable via the discovery process.

///
///
///

**IV. Conclusion**

For the reasons heretofore stated, the Court **DENIES** Defendant's Motion to Dismiss Entire Action and, in the alternative, Motion for a More Definite Statement.

DATED: July 21, 2011

**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge
