O

1

2

3

4

5

6

7               **UNITED STATES DISTRICT COURT**

8               **CENTRAL DISTRICT OF CALIFORNIA**

9

10  UNITED STATES OF AMERICA,    )   CV 10-7654 (MANx)
                                 )
11             Plaintiff,        )
                                 )   **STATEMENT OF**
12     v.                        )   **UNCONTROVERTED**
                                 )   **FACTS AND CONCLUSIONS**
13                               )   **OF LAW**
    JAMES P. RAGAN, aka JAMES    )
14  PATRICK RAGAN, JR., aka      )
    PATRICK RAGAN                )
15                               )
               Defendant.        )
16  _____  )

17       After consideration of the papers and arguments in

18  support of and in opposition to Plaintiff United States

19  of America's ("Plaintiff") Motion for Summary Judgment,

20  this Court makes the following findings of fact and

21  conclusions of law:

22               **UNCONTROVERTED FACTS**

23       1.   Defendant James P. Ragan ("Defendant") entered

24  into a consolidated student loan agreement ("Promissory

25  Note") with the Department of Education.  Inthout

26  Decl., ¶¶ 2-3, Ex. A-B.

27       2.   This Promissory Note was guaranteed by

28  Plaintiff and signed by Defendant.  Inthout Decl., ¶3,

                              1

1 Ex. A-B.

2     3.  Defendant defaulted on the Promissory note by

3 failing to pay the outstanding balances.  Inthout

4 Decl., ¶¶3-5, Ex. B.

5     4.  Defendant paid a single payment of $500 on

6 August 25, 2010.  Inthout Decl., ¶ 3, Ex. B.; Ragan

7 Decl., ¶7, Ex. 1.

8     5.  As confirmed by a Certificate of Indebtedness

9 prepared by the Department of Education, the total

10 principal amount due by Defendant on the Promissory

11 Note is $23,109.00, and the total interest due through

12 February 22, 2011 is the sum of $42,708.70.  Inthout

13 Decl., ¶ 3, Ex. B.

14     6.  Plaintiff has spent approximately $2,000 in

15 attorney's fees on this matter.  Van Houten Decl., ¶17.

16                **CONCLUSIONS OF LAW**

17     1.  Suits to enforce promissory notes are among

18 the most suitable classes of cases for summary

19 judgment.  <u>Colony Creek, Ltd. v. Resolution Trust</u>

20 <u>Corp.</u>, 941 F.2d 1323, 1325 (5th Cir. 1991).

21     2.  Given that patent license agreement are

22 governed by ordinary principles of state contract law,

23 this Court follows the choice of law provisions

24 indicated by the license agreement and interprets the

25 contract based on Minnesota law.  <u>Power Lift, Inc. v.</u>

26 <u>Weatherford Nipple-up Systems, Inc.</u>, 871 F.2d 1082,

27 1085 (Fed. Cir. 1989).

28

1    3.    To recover on a promissory note, the government

2  is entitled to summary judgment if it presents evidence

3  of the existence of the note, the defendant's default,

4  and the amount due.  <u>United States v. Irby</u>, 517 F.2d

5  1042, 1043 (5th Cir. 1975); <u>United States v. Freeman</u>,

6  2002 WL 467688, at *1 (N.D. Cal. March 22, 2002).

7    4.    The government can meet its burden on a summary

8  judgment motion by submitting signed promissory notes

9  and certificates of indebtedness from the Department of

10 Education.  <u>United States v. Freeman</u>, 2002 WL 467688,

11 at *1 (N.D. Cal. March 22, 2002).

12    5.    If the government meets its prima facie burden,

13 the burden shifts to the defendant to prove that the

14 amount due under the promissory note is not owing.

15 <u>Irby</u>, 517 F.2d at 1043; <u>see</u> <u>Celotex v. Catrett</u>, 477

16 U.S. at 324 (holding that in a summary judgment, the

17 burden shifts to the non-moving party to show that

18 there is a genuine issue of material fact).

19

20 DATED: October 25, 2011

21 **IT IS SO ORDERED.**

22
                            RONALD S.W. LEW
23
                  _____
24
                       **HONORABLE RONALD S.W.  LEW**
25
                  Senior, U.S. District Court Judge
26

27

28