O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES P. RAGAN, aka JAMES PATRICK RAGAN, JR., aka PATRICK RAGAN<br><br>        Defendant. | CV 10-7654 (MANx)<br><br>**ORDER re: Plaintiff United States of America's Motion for Summary Judgment[12]** |

    On August 24, 2011, Plaintiff United States of America's ["Plaintiff"] Motion for Summary Judgment [12] came on for regular calendar before this Court and was taken under submission. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment.

///

///

///

1

## I. BACKGROUND

This present Summary Judgment Motion stems from a Complaint filed in this Court by Plaintiff against Defendant James P. Ragan ("Defendant") for recovery of student loans on behalf of the Department of Education.

On April 13, 1987, Defendant entered into a student loan agreement with the Department of Education to consolidate various outstanding student loan amounts into one outstanding obligation. This Consolidated Promissory Note ("Promissory Note") represented the remaining balance that Defendant owed to Plaintiff. After making this agreement, Defendant neglected to make the required loan payments and subsequently defaulted on the Promissory Note on April 11, 1989. Defendant, however, made one payment to Plaintiff in the sum of $500 on August 25, 2010. Since April 11, 1989, the principal loan balance owed from the Promissory Note was $23,109.00, and the total interest due through February 22, 2011 equaled $42,708.70.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (2007).

Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The non-moving party is required by Federal Rule of Civil Procedure Rule 56(e)[1] to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists. Id. at 324.

### III. ANALYSIS

**A. Judicial Notice**

As a preliminary matter, Defendant asks this Court to take Judicial Notice of Plaintiff's First Amended Complaint [4] and this Court's June 28, 2011 Order denying Defendant's Motion to Dismiss [11].

Given that these two documents are matters of

---

[1] The Federal Rules of Civil Procedure were amended on December 01, 2010. Federal Rule of Civil Procedure, Rule 56(e) has now been codified as Federal Rules of Civil Procedure Rule 56(c).

3

public record, this Court **GRANTS** Plaintiff's Request for Judicial Notice.  <u>United States v. Camp</u>, 723 F.2d 741, 744 (9th Cir. 1984) (taking judicial notice of a verifiable public record).

**B.   Evidentiary Objections**

In ruling on a Motion for Summary Judgment, the Court considers only evidence that is admissible at trial.  Fed. R. Civ. P. 56(c).  Here, Defendant has filed objections to various portions of two Declarations: (1) Declaration of Katherine Van Houten ("Van Houten Decl.") and (2) Declaration of Peter Inthout ("Inthout Decl.").

<u>1. Objections to Van Houten Decl.</u>

This Court **OVERRULES** all evidentiary objections that Defendant has made to Van Houten Decl.  More specifically, the Court:

- **OVERRULES** the evidentiary objections to ¶ 3.  The Court finds that there is foundation for this statement because Katherine Van Houten as the attorney in this matter has personal knowledge of the work that she placed into this case.  The other objections are not relevant.
- **OVERRULES** the evidentiary objections to ¶ 4.  The Court finds that there is foundation because Katherine Van Houten as an attorney with over 20 years of experience should be familiar with the fees customarily charged for these kind of claims.  The other objections are not relevant.

4

- **OVERRULES** as moot, the evidentiary objections to ¶ 4.  The Court finds this objection moot because the contents of  ¶ 4 are not necessary for the Court's analysis.

2. Objections to Inthout Decl.

This Court **OVERRULES** all evidentiary objections that Defendant has made to Inthout Decl.  More specifically, the Court:

- **OVERRULES** the evidentiary objection to the Promissory Note attached as Exhibit A.  The Court finds that the Promissory Note is not hearsay because it is a record that has been kept in the ordinary course of business for the Department of Education and hence falls under the business records exception to hearsay.  Fed. R. Evid. 803(6).
- **OVERRULES** the evidentiary objections to a Certificate of Indebtedness attached as Exhibit B.  The Court finds that the Certificate of Indebtedness is not hearsay because it falls within the public records exception to hearsay.  Fed. R. Evid. 803(8); U.S. v. Wright, 850 F. Supp. 965, 967 (holding that a Certificate of Indebtedness falls within the public record exception to hearsay).  Because the Certificate of Indebtedness is a public record of a public office,  the presumption is that this document was accurately prepared, and Defendant has failed to point out any circumstance

indicating a lack of trustworthiness. <u>Wong Wing Foo v. McGrath</u>, 196 F.2d 120 (9th Cir. 1952) (holding that justification for the public records exception is the assumption that a public official will perform his duty properly).

- **OVERRULES** the evidentiary objection to documents pertaining to Defendant's loan history attached as Exhibit C. The Court finds that these documents are not hearsay because they have been kept in the ordinary course of business for the National Student Loan Data System and hence fall under the business records exception to hearsay. Fed. R. Evid. 803(6).
- **OVERRULES** the evidentiary objections to ¶ 9 as the statement has foundation.
- **OVERRULES** the evidentiary objections to ¶ 5, 6, and 7 because the statements are relevant.

**C.  Defendant's Motion to Strike Untimely Reply**

Defendant argues that Plaintiff's Reply should be stricken because it was filed eight days before the hearing as opposed to the fourteen days required by Local Rule 7-10. Although the Court agrees that Plaintiff's reply was untimely, the Court, in its discretion, **DENIES** Defendant's Motion to Strike and will consider the substance of Plaintiff's Reply. <u>Guerrero v. Hawaii</u>, 662 F. Supp. 2d 1242, 1250 n.8.

///

///

**D.   Plaintiff's Motion for Summary Judgment**

The Court notes that due to the "relative simplicity of the issues involved, suits to enforce Promissory Notes are among the most suitable classes of cases for summary judgment." Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325 (5th Cir. 1991); United States v. Glaude, 1999 WL 1080680, at *3 (N.D. Cal. November 12, 1999). To recover on a promissory note, the government is entitled to summary judgment if it presents evidence of the existence of the note, the defendant's default, and the amount due. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975); United States v. Freeman, 2002 WL 467688, at *1 (N.D. Cal. March 22, 2002). The government can meet its burden by submitting signed promissory notes and certificates of indebtedness from the Department of Education. Id.

Here, the Court finds that Plaintiff has met its burden for Summary Judgment by making out a prima facie case by producing (1) a copy of the Promissory Note signed by Defendant; (2) a Certificate of Indebtedness from the United States Department of Education showing the amount of principal and interest due; and (3) a declaration of a loan officer that Defendant defaulted on the loan.

The burden thus shifts to Defendant to prove that the amount due is not owing. Irby, 517 F.2d at 1043; see Celotex v. Catrett, 477 U.S. at 324 (holding that

7

in a summary judgment, the burden shifts to the non-moving party to show that there is a genuine issue of material fact).  The Court concludes that Defendant has failed to set forth specific facts showing that there is a genuine controversy on the issue of the amount that Defendant is indebted to Plaintiff.  Therefore, the Court finds that Plaintiff is entitled to summary judgment and its Motion is **GRANTED.**

## IV. CONCLUSION

For the reasons stated above, the Court finds that there are no triable issues of material fact related to Plaintiff's action to recover student loans. Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.  As such, Judgment shall be entered in favor of Plaintiff in the amounts of $23,109.00 principal, $42,708.70 interest (as of February 22,2011), and $2,000 in attorney's fees accrued.[2]  This Court should award Plaintiff a total judgment of $67,817.00.  This amount is subject to an increase

///
///
///
///

---

[2] Plaintiff has requested an additional $2,000 equal to the amount of expected attorney fees in the event of the appeal.  However, the Court should find that this request is premature given that no appeal has been contemplated by Defendant.

8

pursuant to any post-judgment interest that will accrue at a rate of 7%.

DATED: October 25, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW

---

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge